IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSE DUBOSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-789-DGW |
| | ) | |
| JOHN M. MCHUGH and the | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court is the Bill of Costs (Doc. 74) filed by Defendants, Department of the Army and John M. McHugh. Defendants seek costs in the amount of $5,498.66, stating these costs were incurred in this action in defense of the Department of the Army and John M. McHugh.

Pursuant to Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." However, to award costs, the court must have specific statutory authority. *See Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987)). 28 U.S.C. § 1920 (2008) specifies many of the costs that may be recovered pursuant to Rule 54(d). Such allowed costs are as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where

    the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title; and

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

  The above-mentioned costs are presumptively awarded to the prevailing party. *See FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997). The losing party has the burden of affirmatively demonstrating that the prevailing party is not entitled to certain costs. *Id.*

  Defendant seeks to recover the following costs:

| | |
|---|---|
| (1) Fees for printed or electronically recorded transcripts | $1,019.40 |
| (2) Fees and disbursements for printing | $106.69 |
| (3) Fees for witnesses | $4,222.57 |
| (4) Other costs | $150.00 |

  Plaintiff filed a memorandum in opposition to Defendants' Bill of Costs, objecting only to the costs incurred for the subsistence, appearance, and testimony of Stanley Wolosz, which amount to $3,012.52. Specifically, Plaintiff argues that payment for subsistence and attendance of this witness for seven days is excessive as the trial commenced on a Tuesday and ended the immediately following Thursday. Accordingly, Plaintiff contends that allowance for no more than three days for subsistence and appearance is sufficient and would reduce the taxable costs substantially.

  Defendants contend that Stanley Wolosz was an indispensable witness for the defense whose appearance was necessary at trial. Defendants further explain that Mr. Wolosz resides in Kanaeohe, Hawaii and, due to the substantial distance from Illinois to Hawaii, Mr. Wolosz needed

to leave Hawaii on June 14, 2015 to arrive in Illinois for the start of trial in this matter, which was set for June 16, 2015[1]. Further, as Mr. Wolosz's travel necessitated purchasing airfare, and the cheapest, most practical flight was non-refundable, he could not depart Illinois until June 20, 2015, following the anticipated close of trial. Such travel arrangements were made so Mr. Wolosz would be available for the entirety of the anticipated trial time — June 16, 2015 to June 19, 2015.

Attendance and subsistence allowances are generally not restricted to the day or days on which the witness actually testifies. *See W.F. & John Barnes Co. v. International Harvester Co.*, 145 F.2d 915 (7th Cir. 1944). Rather, an allowance may include each day that the witness necessarily attends the trial. Witness fees may also include time necessarily occupied in going to and returning from the place of attendance. In this instance, Mr. Wolosz proffered his trial testimony on the last day of trial, June 18, 2015, after being called by Defendants. However, a review of the Final Pretrial Order in this matter demonstrates that Plaintiff noted she may call Mr. Wolosz (*see* Doc. 64, pp. 4-5). Accordingly, Mr. Wolosz prudently ensured his appearance at trial for the entire pendency of this matter. Importantly, Mr. Wolosz's appearance required significant travel, necessitating a departure from his residence in Hawaii on June 14, 2015 so that he could arrive in Illinois on June 15, 2015 and be present for trial on June 16, 2015. As such, the Court finds Mr. Wolosz's subsistence and attendance costs from June 15, 2015 through June 18, 2015 reasonable. Further, as noted by Defendants, Mr. Wolosz was unable to immediately leave Illinois following trial as he had purchased non-refundable airfare, as that was the cheapest and most-practical flight option. A review of Mr. Wolosz's receipts reveals that he may have incurred additional expense for any changes in his fare (*see* Doc. 74-5, p. 6). Finding that Mr. Wolosz was

---

[1] Although Mr. Wolosc departed Hawaii on June 14, 2015, he did not arrive in Illinois until June 15, 2015

unable to make adjustments to his travel without substantial notice, the Court finds that the subsistence and attendance costs for this witness on June 19 and 20, 2015 are reasonable.

For the foregoing reasons, **IT IS THE ORDER** of this Court that the Bill of Costs be **ALLOWED**.  The Clerk of Court is hereby directed to tax costs in the amount of **$5,498.66** against Plaintiff, Rose DuBose, and in favor of Defendants, John M. McHugh and the Department of the Army.   Payment is to be made within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: October 27, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**